NOT DESIGNATED FOR PUBLICATION

Nos. 120,482
120,483
120,484
120,485
120,576

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MENDY MELISSA BEFORT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed February 7, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM: Mendy Melissa Befort appeals the district court's revocation of her probation and its imposition of her underlying prison sentences in five cases. We granted Befort's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded by asking that the district court be affirmed. After a review of the record, we agree with the State and affirm.

1

The records in these cases are lengthy, and as the parties are well acquainted with the history, we will merely summarize. Pursuant to a plea agreement with the State, Befort pled guilty in 10 CR 876 to one count of forgery, a severity level 8 nonperson felony, and to one count of misdemeanor theft. On September 20, 2010, the district court sentenced Befort to 19 months in prison for the forgery count and a consecutive sentence of 12 months in the county jail for the theft count but placed her on probation from those sentences for a period of 18 months.

Befort's performance on probation was dismal. The record shows numerous violations which led to several jail sanctions being imposed. In August 2011, she pled no contest to possession of marijuana in 11 CR 464, resulting in a new conviction and sentence, which caused her probation to be extended for 18 months in 10 CR 876. Thereafter, her performance did not improve as she committed additional probation violations which resulted in more jail sanctions.

Befort subsequently committed new crimes while on probation, and, as part of a plea agreement with the State, she pled guilty in 13 CR 1053 to theft, a severity level 9 nonperson felony, and in 14 CR 55 to aggravated failure to appear, a severity level 10 nonperson felony. As a result of her plea, on July 21, 2014, Befort was sentenced in 13 CR 1053 to 12 months in prison and in 14 CR 55 to 10 months in prison. However, she was granted probation from these sentences for a period of 18 months. Also, her probation in 10 CR 876 was extended for 18 months, and she was ordered to serve a 120-day prison sanction.

Befort again committed new crimes, and, as part of another plea agreement with the State, she pled no contest in 16 CR 381 to two counts of unlawful possession of a controlled substance, both severity level 5 drug felonies. However, despite the parties' agreement to ask the district court to impose the prison sentences in all her cases, instead, on June 12, 2017, the district court once again granted her probation for 18 months from

2

an underlying prison sentence of 30 months. In her other cases—10 CR 876, 11 CR 464, 13 CR 1053, and 14 CR 55—her probation was extended for 18 months, and she was ordered to serve a 180-day prison sanction.

Despite the repeated grace given to her by the district court, Befort once again committed a new crime while on probation. In 17 CR 1258, Befort was charged with a felony, which is not part of this appeal, and as part of her plea agreement with the State, among other things, agreed to have her probation revoked in her other cases and reduced sentences imposed. On September 24, 2018, the district court sentenced Befort to a reduced prison term in her new case, revoked her probation in 10 CR 876, 11 CR 464, 13 CR 1053, 14 CR 55, and 16 CR 381, and imposed her underlying prison sentences in those cases.

On appeal, Befort argues the district court erred in revoking her probation and imposing her underlying prison sentences. Once a probation violation has been established, the decision to revoke probation is within the discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court, (2) it is based on an error of law, or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Befort bears the burden of showing an abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

The district court's discretion to revoke a defendant's probation is limited by the intermediate sanctions requirements outlined in K.S.A. 2018 Supp. 22-3716. Generally, a district court is required to impose intermediate sanctions before revoking an offender's probation. See K.S.A. 2018 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). However, as Befort acknowledges, a district court is permitted to revoke probation without having previously imposed the

statutorily required intermediate sanctions when the offender commits a new crime while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A).

As it is undisputed that Befort committed a new felony offense while on probation, and it is clear from the record that all the required intermediate sanctions had been previously imposed, the district court had the authority to revoke her probation. It is also clear from the record that the district court was well justified in revoking her probation given her numerous probation violations and her commission of new crimes while on probation. As Befort makes no argument why the district court erred, we have no trouble concluding that a reasonable person could agree with the district court's decision. The district court did not abuse its discretion in revoking Befort's probation and imposing her underlying sentences.

Affirmed.